Mr. Chief Justice Bingham
delivered the opinion of the Court:
This case comes here on appeal from the Circuit Court, and is one of a large number of cases brought in that court to recover damages for an alleged nuisance created by the Baltimore and Potomac Railroad Company on Maryland avenue between Ninth and Tenth streets.
On the trial an instruction was asked by the defendant and given by the court, and an exception taken by the plaintiff to the giving of the same. The verdict of the jury was for the plaintiff. The plaintiff, nevertheless, brings the case to this court and complains that because this instruction was given her damages were diminished and she claims *514 that the instruction, was wrongfully given, and asks that the judgment of the Circuit Court may be reversed and a new trial ordered. The instruction which was asked is as follows:
“•The defendant possesses the lawful right in the conduct of its business to place its trains containing cars loaded with cattle, hogs and other animals or vegetables, fruit or fertilizers on the tracks in front of the plaintiff’s premises for such a reasonable time as may be necessary to enable other trains to pass, and also to enable the defendant to take cars off and to put cars into such trains; and, before any damages can be assessed in favor of the plaintiff, because-of the standing of such cars in front of the plaintiff’s premises, the plaintiff must show, by satisfactory proof, that the cars on such occasions were kept standing on said tracks for an unreasonable length of time, and that the plaintiff was thereby specially injured.”
The question involved in this instruction has been passed upon by this court and the Circuit Court since the trial of this case. The justice who gave the instruction, as we were informed by counsel on the hearing, without any question upon the part of either, afterwards, in the case of Crown against the Baltimore and Potomac Railroad Company, refused to give this identical instruction to the jury upon further argument and consideration of the same. The Crown Case came to the General Term and was reviewed here. - Whether the refusal to give this instruction was the occasion of its being brought here, we are not informed, but we are informed that the court did not think that it was a wrong instruction; in other words, approved it. This instruction is evidently based upon the idea that the Baltimore and Potomac Railroad Company had the right not only to construct the original line and maintain two tracks for the purpose of general freight and travel at this point, but that it had the right to construct the other three tracks to which the record refers, and shows that it did construct *515 ■after the year 1870; the last track having been put down in 1880, and the right claimed is based upon the assumption that the company had the right to put down these •tracks and maintain them for the general uses and purposes of the railroad company.
Now, in a recent case, the Supreme Court of the United 'States decided that this company had the right to put down and maintain only such tracks upon the streets of Washington as have been authorized by Congress, and it appears that the defendant had only the right to put down •at this point two tracks for through business and tracks to enable it to take trains into and out of its depots and stations.
In the case of Hopkins against the Railroad Company, and several other cases that were decided at the same time, this question came under consideration by the court and it was there held: “To authorize the occupation of the avenue [meaning Maryland avenue,] as a general shifting ground would be to subject it to a use that could not have been contemplated by the legislature when it authorized this company to extend its lateral branch by way of Maryland avenue to the Long Bridge. Such an occupation would constitute a nuisance more grievous and far more dangerous than the other complained of; and would almost amount to a practical condemnation of this part of the avenue as the private property of the company. It would then enjoy its undisturbed use as a freight yard, free from the charges for public dues or for purchase money, or rent that other corporations and individuals are compelled to pay when they seek to acquire lands for such purposes.
“A railroad company may and should possess itself of proper accommodations on its own property, where this dangerous process of shifting and making up trains may be conducted in safety, without continual risk and inconvenience to the public. Citizens have the right at all times to cross and travel the streets and send their children and *516 servants along them on lawful errands without peril or delays and to enjoy some intervals of quiet from the noises of movements that should be conducted within proper enclosures of this company, in more secluded portions of the city, where ampler accommodation could be found than is now afforded within the freight station on Ninth street, which is admitted to be insufficient for that purpose.”' 6 Mackey, 314.
It was thus held that thqj railroad company had no right to use its tracks for the purpose of shifting cars or making pp trains, and that the only right that they could claim would be to take the trains as they might come in into the freight yard so as to unload the freight at the freight depot,, and to bring the trains out of the freight yard proper on to the street and on the tracks for the purpose of taking them away.
The instruction asked and given would permit of this practice, because the very essence of it is “ and also to enable the defendant to take cars out of and to put cars into such trains.”
This would be to permit an evil practice which the court has repeatedly held is not authorized. It would be to substantially permit this portion of the avenue between Ninth and Tenth streets adjacent to the freight depot to be used as a freight yard. As we have said before, both the Circuit Court and the court in General Term have repeatedly, since the trial of this case, held the doctrine to be precisely the reverse of what is contained in the instruction.

The judgment of the court below will, therefore, be reversed and a new trial ordered.